# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. GOVERNMENT, et. al., <br><br> Defendants. | 3:17-cv-00257-RCJ-VPC <br><br> **ORDER** |

## I. DISCUSSION

Victor Tagle, ("plaintiff") is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) However, on at least three (3) occasions, the Court has dismissed civil actions commenced by plaintiff while in detention, as malicious or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his complaint, Plaintiff makes allegations relating to his immigration status. (*See generally* ECF No. 1-1). Specifically, plaintiff alleges that he will be paroled soon, which will result in his deportation back to Mexico. (*Id.*) Plaintiff asserts that he will be murdered for being a "traitor" once he is deported. (*Id.*) It is unclear to the court if plaintiff is up

---

[1] *See Tagle v. State of Nevada et al.*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada et al.*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim); and *Tagle v. State of Nevada et al.*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The court takes judicial notice of its prior records in the above matters.

for a parole hearing or if he has already been granted parole.[2] Therefore, the court finds that these allegations fail to plausibly allege that plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, plaintiff must pre-pay the $400.00 filing fee in full.

## II. CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied. This action will be dismissed without prejudice unless plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order. It is ordered that the Clerk of Court shall send plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee. It is further ordered that the Clerk of the Court shall retain the complaint (ECF No. 1-1).

DATED: June 13, 2017

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that a future deportation will put plaintiff in imminent danger of being murdered, the court lacks jurisdiction over such immigration matters. *See e.g., Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (holding that district court lacked jurisdiction to review an Administrative Procedure Act claim that indirectly challenged an order of removal).